UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL K. LASHBROOK, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 2:15-cv-00206-JMS-WGH |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION. | ) | |
| COMMISSIONER BRUCE LEMMON, SUPERIN- | ) | |
| TENDENT RICHARD BROWN, SUPERINTEN- | ) | |
| DENT KATHY GRIFFIN, THE TRUSTEES OF IVY | ) | |
| TECH COMMUNITY COLLEGE OF INDIANA, | ) | |
| OAKLAND CITY UNIVERSITY, FOUNDED BY | ) | |
| GENERAL BAPTISTS, INC., and GRACE COL- | ) | |
| LEGE & THEOLOGICAL SEMINARY, | ) | |
| *Defendants*. | ) | |

### ORDER

Presently pending before the Court in this action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Indiana Code § 11-10-7-3(a) (the "Prevailing Wage Statute") is a Motion to Dismiss filed by Defendant Oakland City University, Founded by General Baptists, Inc. ("OCU"). [Filing No. 33.]

### I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).  In reviewing the sufficiency of the complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff.  *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief.  *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The factual allegations in Plaintiff Daniel Lashbrook's Amended Complaint, which the Court must accept as true, are as follows:

At all times relevant to this matter, Mr. Lashbrook has been incarcerated either at Wabash Valley Correctional Facility ("Wabash Valley") or at Miami Correctional Facility ("Miami").  [Filing No. 31 at 4.]  Vincennes University, Ivy Tech, OCU, and Grace College had a contract with the Indiana Department of Correction ("IDOC") to "administer educational programs, including the GED programs, in IDOC facilities…." [Filing No. 31 at 4.]  The contract provided that those entities could employ criminal offenders as teaching assistants/tutors under the authority of Indiana Code § 11-10-7, *et seq.* [Filing No. 31 at 4.]  The entities entered into the contract with IDOC, and also separately with IDOC facilities like Wabash Valley and Miami.  [Filing No. 31 at 4.]

- 2 -

The educational programs at Wabash Valley were administered by Vincennes University, Ivy Tech, and OCU, and staffed and directed by employees of those educational institutions.  [Filing No. 31 at 5.]  Mr. Lashbrook was employed for the following time periods by the following institutions:

- Between March 19, 2007 and December 31, 2007, he was employed as a teaching assistant/tutor for Vincennes University;

- Between January 1, 2008 and March 31, 2011, he was employed as a teaching assistant/tutor for Ivy Tech;

- Between February 2, 2012 and July 31, 2012, he was employed as a teaching assistant/tutor for Ivy Tech;

- Between August 1, 2012 and July 10, 2013, he was employed as a teaching assistant/tutor for OCU.

[Filing No. 31 at 5.]

The educational programs at Miami were administered by Grace College, and staffed and directed by employees of Grace College.  [Filing No. 31 at 4-5.]  Mr. Lashbrook has been employed as a teaching assistant/tutor for Grace College from April 20, 2014 to the filing of his Amended Complaint on September 10, 2015.  [Filing No. 31 at 6.]

As for his employment as a teaching assistant/tutor, Mr. Lashbrook alleges as to all of the educational institutions that: (1) each time he "started a stint as a teaching assistant/tutor," he was hired or employed by staff or an employee of the particular educational institution; (2) the staff or employees of the educational institution were not obliged to hire or employ him; (3) at no time was he compelled or required to work as a teaching assistant/tutor "based on the terms and conditions of his incarceration or sentence in the underlying conviction"; (4) he was supervised by staff or employees of the particular educational institution; (5) his performance as a teaching assistant/tutor was reviewed by staff or an employee of the particular educational institution; (6) he was

retained and continued to be employed at the decision of staff or employees of the particular edu-

cational institution without approval or input from IDOC; (7) staff or employees of the educational

institutions had the ability to fire or terminate Mr. Lashbrook without approval or input from

IDOC; (8) Mr. Lashbrook was never terminated or separated from work as a teaching assistant/tu-

tor by the educational institutions; rather, each time he ended a stint it was on his own accord or

"as a result of something apart from his work and performance as a teaching assistant/tutor"; (9)

staff or employees of the educational institutions controlled Mr. Lashbrook's work schedule and

conditions of employment without approval or input from IDOC, and his work schedule was

mainly dictated by the academic calendar of each educational institution; (10) staff or employees

of the educational institutions directed Mr. Lashbrook what to do while working as a teaching

assistant/tutor; (11) the educational institutions maintained employment records of Mr. Lashbrook,

including performance reviews; (12) Mr. Lashbrook's employment as a teaching assistant/tutor

"was an integral part of [the educational institutions'] business"; and (13) Mr. Lashbrook was paid

by IDOC, Wabash Valley, and/or Miami pursuant to the contract with the educational institutions.

[Filing No. 31 at 6-8.]

The contract between IDOC and the educational institutions did not require that offenders

be paid the prevailing wage under Ind. Code § 11-10-7-1, *et seq.*  [Filing No. 31 at 8.]  Mr. Lash-

brook was paid $0.25 per hour as a teaching assistant/tutor.  [Filing No. 31 at 8.]  With the excep-

tion of a few days of leave for holidays or vacation, Mr. Lashbrook worked seven hours per day,

five days per week, or approximately thirty five hours per week, while employed as a teaching

assistant/tutor for Vincennes University, Ivy Tech, and OCU.  [Filing No. 31 at 8.]  Mr. Lashbrook

currently works four hours per day, five days per week, or approximately twenty hours per week,

as a teaching assistant/tutor with Grace College.  [Filing No. 31 at 8.]

- 4 -

Mr. Lashbrook filed his initial Complaint on July 6, 2015, [Filing No. 1], and the operative Amended Complaint on September 10, 2015, [Filing No. 31].  He asserts claims for: (1) violation of the FLSA's minimum wage provisions against OCU and Grace College; (2) violation of Indiana's Prevailing Wage Statute against IDOC, Superintendent Griffin, Ivy Tech, OCU, and Grace College; (3) violation of his due process rights under 42 U.S.C. § 1983 against Commissioner Lemmons, Superintendent Brown, and Superintendent Griffin; and (4) declaratory relief against IDOC, Commissioner Lemmon, Superintendent Brown, Superintendent Griffin, and Ivy Tech. [Filing No. 31 at 9-10.]  Mr. Lashbrook seeks unpaid wages, liquidated damages, attorneys' fees and costs, and prejudgment interest.  [Filing No. 31 at 10-11.]

### III.
#### DISCUSSION

OCU sets forth two arguments in support of its Motion to Dismiss: (1) that Mr. Lashbrook's claim for violations of the FLSA should be limited to violations occurring within two years of the filing of his Complaint, because he does not allege that OCU's violations were willful, [Filing No. 34 at 3-4]; and (2) that Mr. Lashbrook's claim for violation of Indiana's Prevailing Wage Statute fails because Mr. Lashbrook's employment with OCU did not involve "the manufacture and processing of goods or any other business, commercial, or agricultural enterprise" as required for the statute to apply, [Filing No. 34 at 4].  The Court will address OCU's arguments in turn.

**A.  FLSA Statute of Limitations**

OCU argues generally that Mr. Lashbrook "has not alleged that OCU's alleged [FLSA] violations were 'willful,'" so a two-year statute of limitations applies to his FLSA claim.  [Filing No. 34 at 4.]  Because Mr. Lashbrook filed his Complaint on July 6, 2015, OCU argues that the FLSA claim should only apply to violations occurring between July 6, 2013 (two years prior to

the filing of the original Complaint) and July 10, 2013 (his last day working as a teaching assistant/tutor for OCU).  [Filing No. 34 at 4.]

Mr. Lashbrook responds that he has alleged that OCU "was, at all relevant times, 'aware (or should have been aware) that [he] might be considered for legal purposes an employee…,' and despite that fact, entered into a contract with Indiana Department of Correction that 'did not require offenders, like [him], be paid the prevailing wage pursuant to Ind. Code § 11-10-7, et seq.'"  [Filing No. 41 at 2.]  Mr. Lashbrook also cites allegations in the Amended Complaint relating to his status as an employee of OCU, and notes that "[t]hese allegations clearly show that [OCU] was aware of FLSA's possible application and disregarded its possible application to [his] circumstances."  [Filing No. 41 at 2-3.]

On reply, OCU asserts that it is not enough for Mr. Lashbrook to allege that OCU was "aware" of the FLSA's possible application – rather, he must allege that OCU knew it was violating the FLSA or was indifferent as to whether it was doing so.  [Filing No. 42 at 2.]  OCU contends that the paragraphs of the Amended Complaint Mr. Lashbrook cites do not support his argument that he alleged willful FLSA violations.  [Filing No. 42 at 3.]

A defendant may raise the statute of limitations in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense."  *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).  As the Seventh Circuit Court of Appeals has explained, a statute of limitations argument might more typically be raised in a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), but "the practical effect is the same."  *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).  When "the relevant dates are set forth unambiguously in the complaint," it is appropriate to consider the statute of limitations at the motion to dismiss stage.  *Id.*

The FLSA provides that:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA]…may be commenced within two years after the cause of action accrued and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued….

29 U.S.C. § 255(a).  An employer acts willfully in this context when it "knows or shows reckless disregard for whether [its] actions are unlawful under the FLSA." *Bankston v. Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)).

Mr. Lashbrook points to the following allegations, which he claims are contained in his Amended Complaint, to support his argument that he has alleged willful violations of the FLSA by OCU:  That OCU was, at all relevant times, "aware (or should have been aware) that Lashbrook might be considered for legal purposes an employee…," but entered into a contract with the Indiana Department of Correction that "did not require offenders, like Lashbrook, be paid the prevailing wage pursuant to Ind. Code § 11-10-7 et seq."  [Filing No. 41 at 2 (citing paragraphs 49 and 56 of Filing No. 31).]  Mr. Lashbrook also points to allegations that he was an "employee of OCU." [Filing No. 41 at 2 (citing paragraphs 31, 33-34, 36-38, and 42-44 of Filing No. 31).]

The allegations Mr. Lashbrook points to are unavailing.  First, Mr. Lashbrook's representations of paragraphs 49 and 56 of the Amended Complaint are not accurate.   Instead, paragraph 49 merely states that the contract OCU had with IDOC "did not require offenders, like Lashbrook, be paid the prevailing wage…," not that despite being aware that Mr. Lashbrook might be considered an employee, OCU still entered into the contract, as Mr. Lashbrook characterizes the allegation.  [Filing No. 31 at 8.]  Further, paragraph 56 states that "[a]t all relevant times based on the

allegations herein…IDOC, Comm'r Lemmons, Sup't Brown, and Sup't Griffin were aware (or should have been aware) that Lashbrook might be considered for legal purposes an employee of…[OCU]." [Filing No. 31 at 9.] While this allegation may indicate willful conduct on the part of IDOC, Commissioner Lemmons, Superintendent Brown, and Superintendent Griffin, it says nothing regarding OCU's conduct.[1]

Second, merely alleging that he was an employee of OCU does not transform Mr. Lashbrook's allegations regarding OCU's conduct into allegations of willful FLSA violations. At most, this shows that OCU knew the FLSA was potentially applicable, but merely knowing that the FLSA "was in the picture" is not enough to allege a willful violation. *McLaughlin*, 486 U.S. at 132-33 (only requiring that an employer knew the FLSA "was in the picture" to prove a claim for willful violation of the FLSA "virtually obliterates any distinction between willful and nonwillful violations"). Instead, for a willful violation, Mr. Lashbrook must allege "conduct that is not merely negligent," and that OCU "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 133. Mr. Lashbrook's allegations simply do not rise to that level.

The Court finds that Mr. Lashbrook has not alleged willful conduct on the part of OCU in the Amended Complaint. Because he appears to allege violations throughout his employment at OCU, which he alleges spanned from August 1, 2012 to July 10, 2013 [*see* Filing No. 31 at 5], his

---

[1] The Court is disturbed by Mr. Lashbrook's representations in his brief regarding paragraphs 49 and 56 of the Amended Complaint – particularly paragraph 56, which clearly relates only to the knowledge of IDOC, Commissioner Lemmons, Superintendent Brown, and Superintendent Griffin, and not of OCU. If Mr. Lashbrook intended to allege such knowledge on the part of OCU, he should have filed a Second Amended Complaint in response to OCU's motion. *See* Fed. R. Civ. P. 15(a)(1)(B) and Advisory Committee Notes to 2009 Amendment ("A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim").

claim for violations of the FLSA against OCU is limited – based on the allegations of the Amended Complaint – to violations occurring after July 6, 2013 (two years prior to the filing of his original Complaint in this action).  Any claim for violations of the FLSA against OCU occurring prior to July 6, 2013 is dismissed.

### B.  Indiana's Prevailing Wage Statute

OCU argues in one paragraph in its opening brief that Indiana's Prevailing Wage Statute only applies to "programs with private persons established by the commissioner 'for the manufacture and processing of goods or any other business, commercial, or agricultural enterprise,'" and that OCU is a private university which administers educational programs, so does not fit within the statute's scope.  [Filing No. 34 at 4.]

In response, Mr. Lashbrook argues that he has alleged that OCU was "in the business of education and the interstate enterprise of education," so fell within the parameters of the Prevailing Wage Statute.  [Filing No. 41 at 5-6 (emphasis omitted).]

On reply, OCU argues that Mr. Lashbrook's characterizations of OCU as being "in the business of education" and in the "interstate enterprise of education" are "merely legal conclusions couched as factual assertions."  [Filing No. 42 at 5.]  OCU cites cases which it contends stand for the proposition that education is not a "business" or "commercial" activity in interstate commerce.  [Filing No. 42 at 5-6.]  OCU asserts that "[t]he fundamental purpose of [its] 'educational programs' is to provide a social benefit to the inmates (*i.e.* the opportunity for inmates to seek a new start in life upon release)," and that it is not a commercial or business enterprise since "education is neither a commercial activity nor a business."  [Filing No. 42 at 7.]

The Court finds at the outset that OCU has waived much of its argument regarding Indiana's Prevailing Wage Statute for failing to develop the argument in its opening brief.  OCU devotes only one paragraph in its opening brief to this argument, simply stating that Mr. Lashbrook's work as a teaching assistant/tutor at OCU does not fall within the Prevailing Wage Statute because OCU is a private university which was administering educational programs, including GED programs, and "does not fall within [the] areas of employment" included in the statute.  [Filing No. 34 at 4.]  On reply, OCU discusses this argument in much more detail, and cites for the first time case law related to whether education is considered a commercial activity, and whether a nonprofit educational institution is considered a business.  Because OCU raises these specific arguments for the first time on reply, after making only a cursory argument that OCU does not fall within Indiana's Prevailing Wage Statute in its opening brief, the Court finds that OCU has waived this argument.  *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011) ("it is well-established that arguments raised for the first time in the reply brief are waived").

In any event, the Court finds that Mr. Lashbrook has alleged enough at this stage of the litigation to support a claim against OCU for violation of Indiana's Prevailing Wage Statute.  The statute provides that:

> The commissioner may establish programs for the employment of offenders by private persons.  In establishing these programs, the commissioner may enter into agreements with any private person under which that person establishes, by construction, lease, or otherwise, facilities within the exterior boundary of any state adult correctional facility, for the manufacture and processing of goods or any other business, commercial, or agricultural enterprise.

Ind. Code § 11-10-7-2(a).  Offenders employed under Ind. Code § 11-10-7-2(a) "will be paid at least the prevailing wage for that type of work as established by the department of workforce development…."  Ind. Code § 11-10-7-3(a).

Mr. Lashbrook alleges that OCU is a private university, in the business of education, engaged in the interstate enterprise of education, whose employees were engaged in commerce, which administered educational programs at Wabash Valley.  [Filing No. 31 at 3-5.]  At this stage of the litigation, drawing all reasonable inferences in favor of Mr. Lashbrook (as it must on a motion to dismiss), the Court finds that Mr. Lashbrook has alleged enough to state a plausible claim for violation of Indiana's Prevailing Wage Statute.  *See Active Disposal, Inc.*, 635 F.3d at 886; *Ashcroft*, 556 U.S. at 678.  The Court notes, however, that this issue may be ripe for development on summary judgment.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** OCU's Motion to Dismiss, [Filing No. 33], to the extent that it dismisses without prejudice Mr. Lashbrook's FLSA violation claims against OCU which relate to conduct by OCU prior to July 6, 2013.  Additionally, the Court **DENIES IN PART** OCU's Motion to Dismiss, [Filing No. 33], to the extent that it finds that Mr. Lashbrook has stated a plausible claim against OCU for violation of Indiana's Prevailing Wage Statute.

Date:  October 28, 2015

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**