UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| D<small>ANIEL</small> K. L<small>ASHBROOK</small>, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs.* | ) | 2:15-cv-00206-JMS-MJD |
| | ) | |
| I<small>NDIANA</small> D<small>EPARTMENT OF</small> C<small>ORRECTION</small>, | ) | |
| C<small>OMMISSIONER</small> B<small>RUCE</small> L<small>EMMON</small>, S<small>UPERIN</small>- | ) | |
| <small>TENDENT</small> R<small>ICHARD</small> B<small>ROWN</small>, S<small>UPERINTEN</small>- | ) | |
| <small>DENT</small> K<small>ATHY</small> G<small>RIFFIN</small>, T<small>HE</small> T<small>RUSTEES OF</small> I<small>VY</small> | ) | |
| T<small>ECH</small> C<small>OMMUNITY</small> C<small>OLLEGE OF</small> I<small>NDIANA</small>, | ) | |
| O<small>AKLAND</small> C<small>ITY</small> U<small>NIVERSITY</small>, F<small>OUNDED BY</small> | ) | |
| G<small>ENERAL</small> B<small>APTISTS</small>, I<small>NC</small>., and G<small>RACE</small> C<small>OL</small>- | ) | |
| <small>LEGE</small> & T<small>HEOLOGICAL</small> S<small>EMINARY</small>, | ) | |
|    *Defendants.* | ) | |

## ORDER

Presently pending before the Court is a Motion to Dismiss Amended Complaint filed by Defendants Indiana Department of Correction ("IDOC"), Commissioner Bruce Lemmon, Superintendent Richard Brown, Superintendent Kathy Griffin, and the Trustees of Ivy Tech Community College ("Ivy Tech") (collectively, "the State Defendants"). [Filing No. 47.]

### I.
### S<small>TANDARD OF</small> R<small>EVIEW</small>

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In reviewing the sufficiency of the complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff.  See *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief.  See *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## II.
### BACKGROUND[1]

The factual allegations in Plaintiff Daniel Lashbrook's Amended Complaint, which the Court must accept as true, are as follows:

At all times relevant to this matter, Mr. Lashbrook has been incarcerated either at Wabash Valley Correctional Facility ("Wabash Valley") or at Miami Correctional Facility ("Miami").  [Filing No. 31 at 4.]  Vincennes University, Ivy Tech, Oakland City University ("OCU"), and Grace College & Theological Seminary ("Grace") had a contract with IDOC to "administer educational programs, including the GED programs, in IDOC facilities…."  [Filing No. 31 at 4.]  The contract provided that those entities could employ criminal offenders as teaching assistants/tutors under the authority of Indiana Code § 11-10-7, *et seq.*  [Filing No. 31 at 4.]  The entities entered into the

---

[1] These background facts are substantially the same as the background facts contained in the Court's October 28, 2015 Order granting in part and denying in part a Motion to Dismiss filed by Defendant Oakland City University.  [Filing No. 46.]

contract with IDOC, and also separately with IDOC facilities like Wabash Valley and Miami. [Filing No. 31 at 4.]

The educational programs at Wabash Valley were administered by Vincennes University, Ivy Tech, and OCU, and staffed and directed by employees of those educational institutions. [Filing No. 31 at 5.] Mr. Lashbrook was employed for the following time periods by the following institutions:

- Between March 19, 2007 and December 31, 2007, he was employed as a teaching assistant/tutor for Vincennes University;

- Between January 1, 2008 and March 31, 2011, he was employed as a teaching assistant/tutor for Ivy Tech;

- Between February 2, 2012 and July 31, 2012, he was employed as a teaching assistant/tutor for Ivy Tech;

- Between August 1, 2012 and July 10, 2013, he was employed as a teaching assistant/tutor for OCU.

[Filing No. 31 at 5.]

The educational programs at Miami were administered by Grace College, and staffed and directed by employees of Grace College. [Filing No. 31 at 4-5.] Mr. Lashbrook has been employed as a teaching assistant/tutor for Grace College from April 20, 2014 to the filing of his Amended Complaint on September 10, 2015. [Filing No. 31 at 6.]

As for his employment as a teaching assistant/tutor, Mr. Lashbrook alleges as to all of the educational institutions that: (1) each time he "started a stint as a teaching assistant/tutor," he was hired or employed by staff or an employee of the particular educational institution; (2) the staff or employees of the educational institution were not obliged to hire or employ him; (3) at no time was he compelled or required to work as a teaching assistant/tutor "based on the terms and conditions of his incarceration or sentence in the underlying conviction"; (4) he was supervised by staff

or employees of the particular educational institution; (5) his performance as a teaching assistant/tutor was reviewed by staff or an employee of the particular educational institution; (6) he was retained and continued to be employed at the decision of staff or employees of the particular educational institution without approval or input from IDOC; (7) staff or employees of the educational institutions had the ability to fire or terminate Mr. Lashbrook without approval or input from IDOC; (8) Mr. Lashbrook was never terminated or separated from work as a teaching assistant/tutor by the educational institutions; rather, each time he ended a stint it was on his own accord or "as a result of something apart from his work and performance as a teaching assistant/tutor"; (9) staff or employees of the educational institutions controlled Mr. Lashbrook's work schedule and conditions of employment without approval or input from IDOC, and his work schedule was mainly dictated by the academic calendar of each educational institution; (10) staff or employees of the educational institutions directed Mr. Lashbrook what to do while working as a teaching assistant/tutor; (11) the educational institutions maintained employment records of Mr. Lashbrook, including performance reviews; (12) Mr. Lashbrook's employment as a teaching assistant/tutor "was an integral part of [the educational institutions'] business"; and (13) Mr. Lashbrook was paid by IDOC, Wabash Valley, and/or Miami pursuant to the contract with the educational institutions. [Filing No. 31 at 6-8.]

The contract between IDOC and the educational institutions did not require that offenders be paid the prevailing wage under Ind. Code § 11-10-7-1, *et seq.* [Filing No. 31 at 8.] Mr. Lashbrook was paid $0.25 per hour as a teaching assistant/tutor. [Filing No. 31 at 8.] With the exception of a few days of leave for holidays or vacation, Mr. Lashbrook worked seven hours per day, five days per week, or approximately thirty five hours per week, while employed as a teaching assistant/tutor for Vincennes University, Ivy Tech, and OCU. [Filing No. 31 at 8.] Mr. Lashbrook

currently works four hours per day, five days per week, or approximately twenty hours per week, as a teaching assistant/tutor with Grace College. [Filing No. 31 at 8.]

Mr. Lashbrook filed his initial Complaint on July 6, 2015, [Filing No. 1], and the operative Amended Complaint on September 10, 2015, [Filing No. 31]. Relevant to the pending motion, he asserts claims for: (1) violation of Indiana's Prevailing Wage Statute, Ind. Code § 11-10-7-1, *et seq.*, against IDOC, Superintendent Griffin, and Ivy Tech; (2) violation of his due process rights under 42 U.S.C. § 1983 against Commissioner Lemmon, Superintendent Brown, and Superintendent Griffin; and (3) a declaration that IDOC, Commissioner Lemmon, Superintendent Brown, Superintendent Griffin, and Ivy Tech have violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Indiana's Prevailing Wage Statute, and Mr. Lashbrook's due process rights under the Fifth and Fourteenth Amendments. [Filing No. 31 at 9-10.] Mr. Lashbrook seeks unpaid wages, liquidated damages, attorneys' fees and costs, and prejudgment interest. [Filing No. 31 at 10-11.]

### III.
### DISCUSSION

In his declaratory judgment claim, Mr. Lashbrook seeks a declaration that the State Defendants violated the FLSA, Mr. Lashbrook's due process rights, and the Indiana Prevailing Wage Statute. [Filing No. 31 at 10.] The Court will first discuss whether Mr. Lashbrook can allege a claim for declaratory relief based on an FLSA violation. Then, because Mr. Lashbrook also asserts direct claims for violation of his due process rights and violation of the Indiana Prevailing Wage Statute, the Court will address whether Mr. Lashbrook has adequately alleged those direct claims, since he must necessarily do so to adequately allege claims for declaratory relief related to those violations.

### A. Declaratory Judgment Claim Related to FLSA Violations

The State Defendants argue in support of their Motion to Dismiss that Mr. Lashbrook removed the State Defendants from his original claim for violation of the FLSA, only to name them in a new count asserted in the Amended Complaint for a declaratory judgment that they have violated the FLSA. [Filing No. 48 at 4.] The State Defendants incorporate arguments made in their Motion to Dismiss Mr. Lashbrook's original Complaint, [*see* Filing No. 23], stating that Mr. Lashbrook's claim is barred by sovereign immunity, and that private parties are not statutorily authorized to request injunctive relief under the FLSA. [Filing No. 48 at 4.] Because Mr. Lashbrook cannot seek injunctive relief, the State Defendants argue, he also cannot seek declaratory relief. [Filing No. 48 at 4.]

In response, Mr. Lashbrook asserts that the *Ex parte Young* doctrine "allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law," so applies here because he has alleged an ongoing violation of the FLSA and seeks prospective relief. [Filing No. 51 at 2-3.] Accordingly, he argues, the Eleventh Amendment does not bar his declaratory judgment claim related to FLSA violations. Mr. Lashbrook also argues that he is not seeking injunctive relief under the FLSA, and "is not disputing that a private party is not permitted to seek injunctive relief under the FLSA." [Filing No. 51 at 6-7.]

On reply, the State Defendants argue that if Mr. Lashbrook is attempting to proceed under *Ex parte Young*, he has sued the wrong parties because that case permits a party to sue "a 'state officer in his or her official capacity to enjoin prospective action' in violation of federal law." [Filing No. 54 at 1.] The State Defendants assert that IDOC and Ivy Tech are not state officers, that Mr. Lashbrook only sues Superintendent Brown and Commissioner Lemmon in their individ-

ual capacities, and that to the extent Mr. Lashbrook has named Superintendent Brown, those allegations relate only to past conduct while he was housed at Wabash Valley so any claim for prospective relief would not apply to him. [Filing No. 54 at 2.] Accordingly, the State Defendants argue, Superintendent Griffin in her official capacity is the only potentially proper defendant. [Filing No. 54 at 2.] The State Defendants also argue that the practical effect of a declaration "would require the Defendants to conform their conduct to the FLSA," but that if Mr. Lashbrook is really just seeking a prospective declaration regarding his rights under the FLSA, that would "provide [him] a purely moral victory." [Filing No. 54 at 2-3.] The State Defendants also argue that to the extent Mr. Lashbrook seeks to enjoin them to comply with the FLSA, he cannot do so because any recovery would come directly from the State's treasury and such relief is prohibited by the Eleventh Amendment. [Filing No. 54 at 3.]

Under *Ex parte Young*, 209 U.S. 123, 159-60 (1908), a plaintiff may file "suit[] against state officials seeking prospective equitable relief for on-going violations of federal law…." *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997). *See also Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 370-72 (7th Cir. 2010) (discussing exceptions to the Eleventh Amendment's bar against actions in federal court against state officials acting in their official capacities); *Gautreaux v. Romney*, 448 F.3d 731, 735 (7th Cir. 1971) (holding that the doctrine of sovereign immunity "does not bar a suit such as this which is challenging alleged unconstitutional and unauthorized conduct by a federal officer").

In the FLSA context, the Seventh Circuit has held that *Ex parte Young* allows state officials to be sued in their official capacity "for injunctive relief against violations of federal law, including of course nonconstitutional as well as constitutional violations," but only when the defendants are sued in their official capacities, and they are individuals who would otherwise be entitled to obtain

injunctive relief under the FLSA. *Luder v. Endicott*, 253 F.3d 1020, 1024-25 (7th Cir. 2001). In *Luder*, the Seventh Circuit ultimately determined that plaintiffs could not invoke *Ex parte Young* to obtain injunctive relief against the state because they did not sue the defendants in their official capacities and "because they cannot obtain injunctive relief under the FLSA." *Id.* at 1025.

In an apparent acknowledgment that the State Defendants would be shielded from a direct FLSA claim (as the State Defendants argued in a previous Motion to Dismiss, [Filing No. 23 at 3-6]), Mr. Lashbrook amended his FLSA violation claim to remove the State Defendants from that claim. [*Cf.* Filing No. 1 at 8 and Filing No. 31 at 9.] In other words, Mr. Lashbrook has not disputed the State Defendants' assertion that they would be entitled to immunity from a FLSA violation claim, but instead argues that Eleventh Amendment immunity does not bar him from seeking a declaration that the State Defendants have violated the FLSA. Mr. Lashbrook relies solely upon *Ex parte Young* to support his argument that Eleventh Amendment immunity does not bar his declaratory judgment claim. [Filing No. 51 at 1-7.] Accordingly, the Court will focus on that issue.

At the outset, it is important to discern the scope of Mr. Lashbrook's claim for declaratory relief related to the FLSA. Mr. Lashbrook asserts that claim against IDOC, Ivy Tech, Commissioner Lemmon, Superintendent Brown, and Superintendent Griffin. [Filing No. 31 at 10.] He clarifies that he is not seeking injunctive relief, and "is not disputing that a private party is not permitted to seek injunctive relief under the FLSA…." [Filing No. 51 at 6-7.] Mr. Lashbrook characterizes his declaratory judgment claim as a "prospective" one, but acknowledges that "[a]dmittedly, the natural consequence of [a declaration that the State Defendants have violated the FLSA] would be payment of Lashbrook of the minimum wage, an increase for the State of Indiana's coffers." [Filing No. 51 at 2-3.]

There are several problems with Mr. Lashbrook's FLSA declaratory judgment claim. First, *Ex parte Young* – which, again, is Mr. Lashbrook's only argument for why Eleventh Amendment immunity does not bar his claim – only applies to claims against state officials sued in their official capacities. *See Luder*, 253 F.3d at 1025. So Mr. Lashbrook's FLSA declaratory judgment claim as against IDOC and Ivy Tech is not saved by *Ex parte Young* and must be dismissed. Additionally, Mr. Lashbrook specifically sues Commissioner Lemmon and Superintendent Brown only in their individual capacities. [Filing No. 31 at 2-3 (stating in Amended Complaint that "Comm'r Lemmon is being sued in his individual capacity" and "Sup't Brown is being sued in his individual capacity").] Accordingly, Mr. Lashbrook cannot allege a claim for declaratory relief against either Commissioner Lemmon or Superintendent Brown under *Ex parte Young* because they are not sued in their official capacities. *See Luder*, 253 F.3d at 1024-25 (plaintiffs could not invoke *Ex parte Young* because defendants were sued in their individual capacities and, in any event, "a suit nominally against state employees in their individual capacities that demonstrably has the identical effect as a suit against the state is, we think, barred. Any other position would be completely unrealistic and would make a mockery of the Supreme Court's heightened sensitivity to state prerogatives") (emphasis omitted).

This leaves Superintendent Griffin, who is sued in both her individual capacity and her official capacity. [Filing No. 31 at 3 (alleging in the Amended Complaint that "Sup't Griffin is being sued in her individual capacity as well as her official capacity to the extent Lashbrook requests prospective relief").] While an FLSA declaratory claim against Superintendent Griffin in her individual capacity fails, the Court will consider whether *Ex parte Young* allows Mr. Lashbrook to seek a declaratory judgment against Superintendent Griffin in her official capacity.

Apart from the issue of the impropriety of the capacity in which the defendants were sued, the substance of Mr. Lashbrook's FLSA declaratory judgment claim is also problematic. Although Mr. Lashbrook is adamant that he is not seeking injunctive relief, [Filing No. 51 at 6-7], he acknowledges that "[a]dmittedly, the natural consequence of [the declaration he seeks] would be payment [to] Lashbrook of the minimum wage, an increase for the State of Indiana's coffers," [Filing No. 51 at 3]. The Court agrees, and finds that the practical effect of a declaration that Superintendent Griffin has been violating the FLSA would be payment to Mr. Lashbrook of past due wages, and an injunction prohibiting Superintendent Griffin from violating the FLSA in the future. But, as Mr. Lashbrook concedes, a private party cannot obtain injunctive relief under the FLSA. [Filing No. 51 at 7.] *See Howard v. City of Springfield, Illinois*, 274 F.3d 1141, 1144-45 (7th Cir. 2001) ("private parties may not seek injunctive relief under the FLSA"). As a result, Mr. Lashbrook's FLSA declaratory judgment claim fails as a matter of law because it is really a claim for injunctive relief to which he is not entitled as a private party under these circumstances.

To the extent that Mr. Lashbrook's claim is properly read as only seeking declaratory relief – a declaration that the State Defendants have been violating the FLSA – such a claim would fail in any event. The "practical effect" Mr. Lashbrook acknowledges implicates the Eleventh Amendment. "Declaratory relief should not be awarded where the eleventh amendment bars an award of monetary or injunctive relief; otherwise the [declaratory] relief would operate as a means of avoiding the amendment's bar." *Council 31 of the American Federation of State, County and Municipal Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 884 (7th Cir. 2012) (citing *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 295 (7th Cir. 1993)).

The Court will not permit Mr. Lashbrook to pursue a claim that, for all intents and purposes, seeks injunctive relief, just because he labels it as a claim for declaratory relief. His FLSA declaratory judgment claim against the State Defendants is dismissed.[2]

### B. Due Process Violation Claim

Mr. Lashbrook alleges that Commissioner Lemmon, Superintendent Brown, and Superintendent Griffin violated his right to due process under the Fifth and Fourteenth Amendments. [Filing No. 31 at 9-10.]

In support of their Motion to Dismiss, the State Defendants argue that Mr. Lashbrook has not adequately alleged a due process violation because he has no protected interest in having a job while in prison, let alone a job that pays minimum wage. [Filing No. 48 at 5.] Additionally, the State Defendants argue that even if Mr. Lashbrook had a protected interest, he has only alleged generally that he was underpaid, but not that he was denied the ability to challenge his pay, that anyone refused to consider his claims, or that there was any type of procedural deficiency. [Filing No. 48 at 6.] The State Defendants also argue that Mr. Lashbrook has not adequately alleged a substantive due process violation because, again, he has no fundamental right to a job in prison or to receive minimum wage. [Filing No. 48 at 6.] The State Defendants assert that state law has not created an expectation of a higher wage than what Mr. Lashbrook was being paid. [Filing No. 48 at 8.]

---

[2] The Court need not also address the State Defendants' additional argument that to the extent *Ex parte Young* permits Mr. Lashbrook to pursue a claim enjoining Superintendent Griffin to comply with the FLSA, such a claim would still fail because "any relief would come directly from the State's treasury." [Filing No. 54 at 3.] This argument applies to claims for injunctive relief, which the Court has already determined (and Mr. Lashbrook concedes) Mr. Lashbrook cannot obtain as a private party under the FLSA.

Mr. Lashbrook argues in his response that he has a protected property interest in a minimum or prevailing wage, and relies upon the Indiana Prevailing Wage Statute. [Filing No. 51 at 8.] He also contends that he has adequately alleged a procedural due process violation because he "has alleged that the State Defendants acted arbitrarily in denying his request to be paid the prevailing wage under the Prevailing Wage Statute." [Filing No. 51 at 9.] Finally, he argues that he is without an adequate remedy at law. [Filing No. 51 at 9-10.]

On reply, the State Defendants argue that Mr. Lashbrook himself alleges that he was provided with a grievance procedure, and he took advantage of that procedure. [Filing No. 54 at 5.] The State Defendants assert that the fact that Mr. Lashbrook received an unfavorable decision from the administrative process does not show that the process was deficient. [Filing No. 54 at 5.] Rather, the process must be "random and unauthorized," and Mr. Lashbrook's allegations "do not challenge the sufficiency of the administrative procedures, and in fact demonstrate that he was afforded both an opportunity to be heard, and an opportunity for appeal." [Filing No. 54 at 5-6.]

*1. Procedural Due Process*

Mr. Lashbrook brings his due process claim under 42 U.S.C. § 1983, which "imposes liability when a defendant acts under color of state law and violates a plaintiff's rights under the Constitution or laws of the United States." *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). To prevail on a § 1983 claim alleging a procedural due process violation, Mr. Lashbrook must first show that the action he complains of is properly considered "state action," then he must also demonstrate that his procedural due process rights were violated by showing that there is: "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (citing *Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004)).

To the extent Mr. Lashbrook attempts to allege a procedural due process claim, he has not adequately alleged a cognizable property interest. Mr. Lashbrook argues that he has a property interest in a minimum or prevailing wage, provided in the FLSA and the Indiana Prevailing Wage Statute. [Filing No. 51 at 8.] But Mr. Lashbrook has not pointed to any legal authority supporting the proposition that he has a constitutionally-protected property interest in being paid a certain amount for his employment while in prison. Indeed, at least one district court within the Seventh Circuit has held that prisoners "have no constitutional right to any payment for their services," and "even if paid, an inmate has no legitimate claim of entitlement to the full amount of wages he earns while working in prison." *Newsome v. McElhinney*, 1990 WL 6813, *2 (N.D. Ill. 1990) (citations omitted). And to the extent that Mr. Lashbrook argues that the Indiana Prevailing Wage Statute creates a cognizable property interest to support his due process claim, the Court rejects that argument. As discussed below, Mr. Lashbrook does not have a viable cause of action under the Indiana Prevailing Wage Statute because the State Defendants are state actors, and not "private persons" to which the statute applies.

Additionally, Mr. Lashbrook has not adequately alleged the type of denial of due process that would support his claim. He alleges in his Amended Complaint that he took advantage of the grievance process by filing an offender grievance and appealing its subsequent denial. [Filing No. 31 at 8.] His only allegation regarding the adequacy of the process is that "[t]here is no evidence that [the State Defendants] made any inquiry (beyond those necessary steps to simply respond to his offender grievance) into whether [his] employment with Vincennes University, Ivy Tech, and/or Oakland City was in violation of Ind. Code § 11-10-7 *et seq.* or the [FLSA]." [Filing No. 31 at 9.] But Mr. Lashbrook's allegations really amount to alleging that he did not prevail in the process, and that is not sufficient to allege a procedural due process violation. *See*

*Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013) (the "federal entitlement is to process, not to a favorable outcome"); *Woods v. City of Michigan City, Ind.*, 940 F.2d 275, 285 (7th Cir. 1991) ("Due process does not guarantee 'right' substantive outcomes or correct conclusions of law"); *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.*, 795 F.2d 1344, 1350 (7th Cir. 1986) ("Due process does not guarantee correct outcomes in every case; that would make every error of state law that deprived a person of liberty or property a federal constitutional error, which is an absurd proposition. Due process just requires procedures that will usually lead to correct outcomes") (citation omitted). Mr. Lashbrook has not adequately alleged a procedural due process claim.

### 2.  *Substantive Due Process*

The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). "Where a non-fundamental liberty – sometimes described as a 'harmless liberty' – is at stake, the government need only demonstrate that the intrusion upon that liberty is rationally related to a legitimate government interest." *Hayden ex rel. A.H. v. Greensburg Community School Corp.*, 743 F.3d 569, 576 (7th Cir. 2014) (citation omitted).

Mr. Lashbrook argues that he has been deprived of the right to earn a prevailing wage under the Indiana Prevailing Wage Statute, and that the State Defendants "acted arbitrarily in denying his request to be paid the prevailing wage…." [Filing No. 51 at 8-9.] But, as discussed above, Mr. Lashbrook, as a prisoner, has no constitutional right to be paid at all for his services, let alone to be paid a certain amount for those services. *See Newsome*, 1990 WL 6813 at *2. And, as discussed more fully below, the Prevailing Wage Statute does not create a right for Mr. Lashbrook to earn the prevailing wage because the statute applies only to employment by a private person. *See* Ind. Code § 11-10-7-3 (applying to situations where an offender is employed by a "private

person"). Mr. Lashbrook cannot have it both ways, on the one hand arguing that the State Defendants must pay him the prevailing wage, but also arguing that he was employed by a "private person." [*See, e.g.*, Filing No. 51 at 9 (arguing that the State Defendants "were at all times aware '(or should have been aware) that Lashbrook might be considered for legal purposes an employee of Vincennes University, Ivy Tech, and Oakland City'").]

Put simply, Mr. Lashbrook does not adequately allege that he had a legitimate property interest in being paid the prevailing wage as a prisoner and, accordingly, does not adequately allege a substantive due process claim against the State Defendants. Because he has not adequately alleged a substantive due process violation claim, his request for a declaration that the State Defendants violated his due process rights also necessarily fails.

### C. Prevailing Wage Statute Claim[3]

Mr. Lashbrook alleges that the State Defendants failed to pay him the "prevailing wage for that type of work as established by the department of workforce development" under Ind. Code § 11-10-7-3(a). [Filing No. 31 at 9.] The State Defendants argue that § 11-10-7-3 does not contain an express cause of action for criminal offenders and, in fact, specifically exempts them from asserting such a claim. [Filing No. 48 at 8.] The State Defendants also argue that courts addressing the federal counterpart to § 11-10-7-3 have found that criminal offenders do not have an implicit cause of action under federal law. [Filing No. 48 at 9.] Finally, the State Defendants argue that § 11-10-7-3 does not apply to the state, but only to situations where the offender is employed by a private person. [Filing No. 48 at 10.]

---

[3] Although the Court has dismissed all federal claims against the State Defendants, it continues to have jurisdiction over this matter because federal claims remain against Defendants OCU and Grace.

In response, Mr. Lashbrook argues that § 11-10-7-3 does provide an implicit cause of action against the State Defendants, because it "imposes a duty on [the] State Defendants to set forth in all agreements with private persons that an offender be paid at least the prevailing wage for the type of work." [Filing No. 51 at 10-11.] Mr. Lashbrook then argues that Ivy Tech should be considered a "private person" under § 11-10-7-3. [Filing No. 51 at 11-12.]

On reply, the State Defendants argue that if Mr. Lashbrook is permitted to bring a claim under § 11-10-7-3, then the subsection exempting those claims would be rendered meaningless. [Filing No. 54 at 6-7.] The State Defendants also point to § 11-10-7-5, which permits an offender's wage to be deducted by an amount up to 80%, and argue that "[i]f the statute was truly intended to protect offender wages, the legislature would not have permitted the deduction of those wages by an amount up to 80%." [Filing No. 54 at 7.] Finally, the State Defendants reiterate their arguments regarding the federal counterpart to § 11-10-7-3, and argue that Ivy Tech is not a "private person" for purposes of § 11-10-7-3, but rather is an arm of the state. [Filing No. 54 at 7-8.]

§ 11-10-7-3 provides:

(a) Any agreement entered into between the commissioner and a private person under this chapter must provide that an offender employed by a private person under this chapter will be paid at least the prevailing wage for that type of work as established by the department of workforce development, including applicable wage increases for overtime work.

\*   \*   \*

(d) An offender employed in accordance with this chapter is subject to IC 22-2-5-3 and IC 22-2-9-8.[4]

---

[4] Ind. Code § 22-2-5-3 and § 22-2-9-8, respectively, exempt criminal offenders from the provisions of the Indiana Wage Payment Statute (which applies to current employees and to former employees who have voluntarily left employment) and the Indiana Wage Claims Statute (which applies to involuntarily terminated employees).

Less than two months ago, the Indiana Court of Appeals considered the issue of whether inmates at an IDOC facility had a private right of action under § 11-10-7-3 against a private company that the IDOC had contracted with as part of the offender work program. In *Adams v. Arvinmeritor, Inc.*, --- N.E.3d ----, 2015 WL 8319119 (Ind. Ct. App. 2015), the court found that the plaintiff inmates had private rights of action under § 11-10-7-3 and § 11-10-7-4 (which provides that "[a] commercial or agricultural enterprise established under this chapter is a private enterprise subject to laws governing the operation of similar enterprises in Indiana"). Importantly, the court specifically limited its holding to private businesses, noting that "we are concerned here only with a Chapter 7 enterprise, which is conducted by a private business for profit in cooperation with the DOC and not a program operated by the DOC itself to further its rehabilitative goals." *Adams*, 2015 WL 8319119 at *4 (emphasis omitted) (noting that § 11-10-7-4 specifically defines the entities subject to the statutory chapter as "private enterprise[s]"). The court drew a distinction between IDOC's cooperation with private, for-profit businesses that employ prisoners (and who are subject to § 11-10-7-3), and programs that IDOC itself operates "to further its rehabilitative goals." *Id.* This Court finds that distinction significant.

The Adams court went on to find that the exemption in § 11-10-7-3(d), which was added to the statute on May 9, 2013, means that "an offender's right to assert a wage claim was also limited" as of that date. *Id.* at *5. The court noted that the amendment to add subsection (d) also indicates that a private right of action for offenders to sue private entities did exist before the amendment date – otherwise, "there is no discernible reason for the change other than to foreclose a right that had previously existed." *Id.*

§ 11-10-7-3 does not apply to Mr. Lashbrook's claims against the State Defendants for violation of the Prevailing Wage statute related to Mr. Lashbrook's time working as a teaching

assistant/tutor for Ivy Tech.  Ivy Tech is a governmental entity, and not a "private person" as it must be for § 11-10-7-3 to apply.  *See* Ind. Code § 21-22-2-1 (establishing Ivy Tech as a two year state college); § 21-22-3-1 (stating that "Ivy Tech Community College shall be governed by a state board of trustees appointed by the governor").  Indeed, Mr. Lashbrook himself alleges that Ivy Tech is "the 'body corporate and politic' and governing body of the State of Indiana's community college system…," [Filing No. 31 at 3], and states that "Ivy Tech is a governmental entity even though it acts as a private entity because it is a creature of Indiana statute," [Filing No. 51 at 11].  § 11-10-7-3 does not provide Mr. Lashbrook with an avenue to sue Ivy Tech and the remaining State Defendants to recover the prevailing wage.[5]  Accordingly, since his Prevailing Wage Statute claim against the State Defendants fails, his claim for a declaration that the State Defendants have violated the Prevailing Wage Statute likewise fails.

## IV.
### CONCLUSION

Mr. Lashbrook has not adequately alleged a claim for a declaration that the State Defendants have violated the FLSA, has not stated a viable claim for violation of any procedural due process or substantive due process right, and has not stated a claim for violation of Indiana's Prevailing Wage Statute.  The Court **GRANTS** the State Defendants' Motion to Dismiss Amended

---

[5] The Court does not discern from the Amended Complaint that Mr. Lashbrook is also alleging a Prevailing Wage Statute claim against the State Defendants (other than Ivy Tech) for their actions in entering into agreements with OCU and Grace – both arguably private entities.  Mr. Lashbrook only focuses on his employment with Ivy Tech in his response to the State Defendants' Motion to Dismiss the Prevailing Wage Statute claim.  The Court finds any other potential claims waived, and has followed Mr. Lashbrook's lead by considering whether he has adequately alleged a claim against the State Defendants based on his employment with Ivy Tech.  *See Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present….Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief") (quotation omitted).

Complaint, [Filing No. 47], and **DISMISSES** Mr. Lashbrook's claims against the State Defendants **WITH PREJUDICE**.  No partial final judgment shall issue at this time.

Still pending in this action are the following claims:

- Violation of the FLSA against Grace;

- Violation of the FLSA against OCU for conduct after July 6, 2013;

- Violation of Indiana's Prevailing Wage Statute against Grace; and

- Violation of Indiana's Prevailing Wage Statute against OCU.

Also remaining is Grace's cross-claim against IDOC for any damages ultimately assessed against Grace.  [Filing No. 40 at 10-11.]  The Court requests that the Magistrate Judge confer with the remaining parties to address the expeditious resolution of the remaining claims.

Date:  February 1, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**